Opinion
THOMPSON, J.
Section 51458 of title 22 of the California Administrative Code incorporates a rule of the Director of the Department of Health which provides that a plea of nolo contendere to an offense involving moral turpitude shall be deemed to be a conviction of the charged offense which authorizes the director to suspend the defendant’s status as a provider of medical services in the California Medical Assistance Program (Medi-Cal). This appeal tests the validity of that rule. As did the trial court, we conclude that the rule is contrary to and not authorized by statute. (See Cartwright v. Board of Chiropractic Examiners (1976) 16 Cal.3d 762 [129 Cal.Rptr. 462, 548 P.2d 1134].) Accordingly, we affirm a judgment of the trial court which mandates the Director of the Department of Health to vacate a suspension of respondent based solely upon respondent’s plea of nolo contendere to a charge of conspiracy to defraud.
Appellant Director of the California Department of Health filed an accusation against respondent Milton Birnbaum, M.D. The accusation seeks suspension of Dr. Bimbaum’s status as a “provider” in Medi-Cal. The sole factual basis asserted in the accusation is Dr. Bimbaum’s plea of nolo contendere to a criminal charge of conspiracy to defraud.[1]
Based upon the fact of the nolo contendere plea and the resulting judgment of conviction in the criminal proceeding, an administrative law judge recommended Dr. Bimbaum’s suspension as a Medi-Cal provider for one year.[2] The Department of Health adopted the recommendation of the administrative law judge.
*287 Dr. Bimbaum sought review of the department’s determination by petition for writ of administrative mandate. The trial court concluded that a “plea of nolo contendere is not a conviction, and may not be considered to be a conviction” for the purpose of authorizing the suspension from Medi-Cal provider status. It issued its peremptory writ of mandate directing the department to set aside its decision suspending Dr. Bimbaum’s status.
In this appeal from the trial court judgment, the department asserts that by reason of its rule incorporated in section 51458 of title 22 of the California Administrative Code, the judgment in the criminal case is a proper basis of suspension although the judgment is based upon a plea of nolo contendere.
In Cartwright v. Board of Chiropractic Examiners, supra, 16 Cal.3d 762, 771-773, our Supreme Court has held that, absent a specific statute authorizing the process, a conviction of a crime based upon the defendant’s plea of nolo contendere pursuant to Penal Code section 1016, subdivision 3, may not be used for a collateral purpose such as the revocation or suspension of a professional license. (Id., at pp. 768, 774.) The Supreme Court enunciates two principal bases for its rule. It finds a legislative intent to preclude the use of a conviction based upon a nolo contendere plea as a basis for professional discipline in situations not specifically covered by statute from legislation authorizing the use of a nolo contendere plea for that purpose in limited situations.[3] (Id., at pp. 771-772.) It reasons further that, in contrast to a guilty finding after trial or a plea of guilty, a nolo contendere plea is not a reliable indicator that the person entering the plea in fact committed the offense charged. (Id., at pp. 773-774.)
The department points to no specific statutory authorization for the use of a nolo contendere plea or a judgment based upon it as the sole foundation for a suspension of Medi-Cal provider status; our own research finds no such authority. The department contends, however, that its regulation incorporated in section 51458 has the effect of a statute. Assuming that contention to be correct, the case at bench thus turns upon the validity of section 51458 of title 22 of the California Administrative Code._
*288 A number of sections of the Welfare and Institutions Code authorize the Director of the Department of Health to adopt regulations. The director has the power necessary to carry out the purposes of his office. (§ 10062.) He may formulate regulations which “are consistent with law” concerning jurisdiction, purposes, and responsibilities of the department (§§ 10553, subd. (e), and 10553.1, subd. (c)), and may adopt regulations of general application “to implement, interpret, or make specific the law enforced by the department . . .” (§§ 10554 and 10554.1). Two statutes deal specifically with the director’s power to adopt regulations pertinent to the suspension of Medi-Cal provider status. Section 14123, subdivision (a) provides: “The director may suspend a provider of service from further participation under the medical assistance program for violation of the provisions of this chapter or any rule or regulation promulgated by the director pursuant to this chapter . . . .” Section 14124.5, effective June 30, 1973, states: “(a) The director may ... adopt... such reasonable rules and regulations as may be necessary or proper to carry out the purposes and intent of this chapter and to enable it to exercise the powers and perform the duties conferred upon it by this chapter, not inconsistent with any of the provisions of any statute of this state. [¶] (b) All regulations heretofore adopted by the State Department of Health or any predecessor department pursuant to this chapter and in effect on the operative date of this section, shall remain in effect and shall be fully enforceable unless and until readopted, amended, or repealed by the director. . . .”
There is a common thread in the statutory authorization for the adoption of regulations by the Director of the Department of Health. The regulations must be consistent with “law” or “statute” and reasonably necessary to the purposes of the director’s office.
The regulation incorporated in section 51458 of title 22 of the California Administrative Code is not consistent with the law governing the use of a judgment based upon a nolo contendere plea as that law is declared by our Supreme Court in Cartwright, the regulation is inconsistent with subdivision 3 of Penal Code section 1016 as that statute is construed by the high court’s decision in that case. The inconsistency is one of substance. The director has in effect adopted the regulation as a rule of convenience to avoid the necessity of proving the actual facts constituting a cause for suspension. In serving the convenience of the department, the regulation impinges upon the function of the criminal courts by inhibiting nolo contendere pleas in circumstances where they are appropriate. In serving the convenience of the department, the *289 regulation permits suspensions upon the basis of what our Supreme Court has declared to be an unreliable indicator that the person entering the plea committed the offense charged.
The crucial portion of the regulation encompassed in section 51458 does not purport to permit suspension for violation of a rule of conduct as authorized by Welfare and Institutions Code section 14123, subdivision (a). Rather, it represents an effort to adopt a rule easing the burden of establishing a violation, a process not authorized by the statute.
The critical regulation is thus one which the director is not empowered to adopt and is hence invalid, absent some special circumstance. The director points to no special circumstance. Because the regulation predates Welfare and Institutions Code section 14124.5, subdivision (b), we have analyzed that subdivision to determine whether its general statement of continued operative effect of then existing regulations of the director evidences a legislative intent to validate previously invalid regulations. We do not glean that intent. Rather, subdivision (b) seems merely to state that otherwise valid regulations are not invalidated by the new statutory authority to enact them. That construction is buttressed by a legislative declaration that section 14123, which section 14124.5 implements, is declaratory of existing law. (See Stats. 1969, ch. 994, § 4, repealed by Stats. 1976, ch. 504, § 32, and replaced by Welf. & Inst. Code, § 14123.1.)
The judgment is affirmed.
Wood, P. J., and Lillie, J., concurred.

The conspiracy was unrelated to Medi-Cal.

Badly impeached and sketchy evidence purported to establish the offense independent of the plea. Appellant does not contend that the independent evidence standing alone sustains the suspension.

See e.g., Business and Professions Code sections 1679 (dentists), 2661 (physical therapists), 2765 (nurses), 4354 (pharmacists), 4883 (veterinarians), 5106 (accountants), and 6101 (lawyers).